**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| **v.** | § § | **CASE NUMBER 1:14-CR-00048-MAC** |
| | § § | |
| **CAMMORN JOSEPH BRIZENDINE** | § § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT**
**FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed January 17, 2025, alleging that Defendant, Cammorn Joseph Brizendine, violated his conditions of supervised release. This matter is referred to the Honorable Christine L. Stetson, United States Magistrate Judge, for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. TEX. CRIM. R. CR-59.

**I. The Original Conviction and Sentence**

Cammorn Joseph Brizendine was sentenced on June 25, 2026, before The Honorable Marcia A. Crone, of the Eastern District of Texas, after pleading guilty to the offense of Felon in Possession of a Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 15 and a criminal history category of V, was 37 to 46 months. Cammorn Joseph Brizendine was subsequently sentenced to 46 months' imprisonment followed by a 3 year term of supervised release subject to the standard conditions of release, plus special conditions to include financial

disclosure, mental health, and substance abuse treatment, restrictions on residing or going places where minors are known to frequent, and a $100 special assessment fee.

## II.  The Period of Supervision

On January 26, 2026, Cammorn Joseph Brizendine completed his period of imprisonment and began service of the supervision term.

## III.  The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising two allegations.  The petition alleges that Cammorn Joseph Brizendine violated the following conditions of release:

Allegation 1. The defendant shall not commit another federal, state, or local crime.

Allegation 2. The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

## IV.  Proceedings

On June 25, 2026, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and Defendant announced an agreement as to a recommended disposition regarding the revocation.  Defendant agreed to plead "true" to both allegations that claim he committed a new offense of felon in possession of a firearm. In return, the parties agreed that he should serve a term of 18 months' imprisonment with no supervised release to follow.

## V.  Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require a defendant to serve in prison all or part of the term of supervised release

authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case.    The original offense of conviction was a Class C felony, therefore, the maximum imprisonment sentence is 2 years.

According to Title 18 U.S.C. § 3583(g)(2), if a defendant possesses a firearm, as such term is defined in § 921 of this title, in violation of Federal law, or otherwise violates a condition of supervised release prohibiting the defendant from possessing a firearm, the court shall revoke the term of supervised release and require Defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3). The original offense of conviction was a Class C felony; therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7C1.1(a)[1], if the court finds by a preponderance of the evidence that Defendant violated conditions of supervision by committing a new offense of felon in possession of a firearm, Defendant will be guilty of committing a Grade B violation.  U.S.S.G. § 7C1.3 indicates that upon a finding of non-compliance, the court should conduct an individualized

---

1.  All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding.  *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Bradberry*, 360 F. App'x. 508, 509 (5th Cir. 2009).

assessment and that revocation is generally appropriate for a Grade A violation, often appropriate for a Grade B violation, and may be appropriate for a Grade C violation.

U.S.S.G. § 7C1.5 provides that in the case of revocation of supervised release based on a Grade B violation and a criminal history category of V, the policy statement imprisonment range is 18 to 24 months.

U.S.S.G. § 7C1.5, Application note 2, states that upon a finding that a defendant violated a condition of supervised release by being in possession of a firearm, the court is required to revoke supervised release and impose a sentence that includes a term of imprisonment pursuant to 18 U.S.C. § 3583(g).

U.S.S.G. § 7C1.4(a) states that the court shall conduct an individualized assessment to determine the appropriate length of the term of imprisonment, given the recommended range of imprisonment set forth in § 7C1.5.

U.S.S.G. § 7C1.3(b) indicates upon a finding of a violation for which revocation is required by statute (18 U.S.C. § 3583(g)), the court shall revoke supervised release.

According to U.S.S.G. § 7C1.4(b), any term of imprisonment imposed upon the revocation of supervised release generally should be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of supervised release. Defendant's agreed upon revocation sentence shall run consecutively to the sentence (37 months' imprisonment, followed by a 3-year term of supervised release) he is serving in case number Case No. 1:25-CR-00010-1 in United States District Court, Eastern District of Texas, which was imposed on May 20, 2026, after having pleaded guilty to Felon in Possession of a Firearm.

In determining Defendant's sentence, the court shall consider:

4

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

Defendant pled "true" to the petition's allegations that he violated two mandatory conditions of release that by committing a new offense of felon in possession of a firearm. Based upon Defendant's plea of "true" to these allegations in the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7C1.3, the undersigned finds that Defendant violated his conditions of supervised release.

The undersigned has carefully conducted an individualized assessment and considered each of the factors listed in 18 U.S.C. § 3583(e). Defendant's violation is a Grade B violation, and the criminal history category is V. The policy statement range in the Guidelines Manual is 18 to 24 months. Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses Defendant's violations. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 18 months with no supervised release to follow. This sentence shall run consecutively with the term of imprisonment imposed in United States District Court, Eastern District of Texas, Case No.: 1:25CR10-1, and concurrently to any future sentence imposed for Unlawful Possession of a Firearm by Felon in Hardin County, Texas, that occurred on January 6, 2025. After consideration of the circumstances in this case, and with a term of supervised release being ordered in Case No. 1:25cr10-1, the court finds an additional term of supervised release is not warranted here.

## VII. Recommendations

The court should find that Defendant violated the allegations in the petition that he violated two mandatory conditions of release by committing a new offense of felon in possession of a firearm. The petition should be granted, and Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. Defendant should be sentenced to a term of 18 months' imprisonment with no supervised release to follow. This sentence shall run consecutively with the term of imprisonment imposed in United States District Court, Eastern District of Texas, Case No.: 1:25CR10-1, and concurrently to any future sentence imposed for Unlawful Possession of a Firearm by Felon in Hardin County, Texas, that occurred on January 6, 2025.

## VIII. Objections

At the close of the revocation hearing, Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable). Defendant also waived his right to be present and

speak and have his counsel present and speak before the district court imposes the recommended sentence.  Therefore, the court may act on this report and recommendation immediately.

**SIGNED this the 25th day of June, 2026.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE